T.C. Summary Opinion 2008-26


UNITED STATES TAX COURT



AUGUSTO AND MARIA NEGRET, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17497-06S.                    Filed March 6, 2008.



Augusto and Maria Negret, pro sese.

<u>Brian A. Pfeifer</u>, for respondent.



    CHABOT, <u>Judge</u>:  This case was heard pursuant to section

7463.[1]  The decision to be entered is not reviewable by any other

court, and this opinion shall not be treated as a precedent for

any other case.  Sec. 7463(b).

_____

    [1] Unless indicated otherwise, all section references are to
sections of the Internal Revenue Code of 1986 as in effect for
the year in issue, except as to sec. 7463, which is as in effect
for proceedings commenced on the date the petition in the instant
case was filed.

Respondent determined a deficiency of $2,596 in Federal individual income tax against petitioners for 2003.

After concessions by petitioners,[2] the issues for decision[3] are:

(1) Whether petitioners are entitled to any depreciation deductions claimed on Schedule C, Profit or Loss From Business, and if so, then in what amount; and

(2) whether petitioners are entitled to any vehicle insurance deduction in excess of their claimed (and allowed) standard mileage rates in connection with the Schedule C activity and, if so, then in what amount.

## Background

The stipulation and the stipulated exhibits are incorporated herein by this reference.

---

[2] Petitioners concede that: (1) Their Schedule C gross income was $2,888, as determined in the notice of deficiency, and not $831, as stated on their tax return, and (2) they are entitled to an itemized deduction of $11,055 for home mortgage interest and points, as determined in the notice of deficiency, and not $15,288, as stated on their tax return.

[3] The other adjustments (relating to the 2-percent floor on certain itemized deductions, and a claimed credit for certain retirement savings contributions) are computational only; their resolutions depend on our determinations as to the issues for decision.

When the petition in the instant case was filed, petitioners Augusto Negret and Maria Negret (hereinafter sometimes referred to as Maria) resided in Florida.

During 2003 Maria operated a "Schedule C business" as an Avon representative.  This business will hereinafter sometimes be referred to as Maria's Avon business.  Table 1 sets forth pertinent information from the Schedule C relating to Maria's Avon business, that petitioners attached to their 2003 Form 1040, U.S. Individual Income Tax Return, together with respondent's adjustments in the notice of deficiency.

Table 1

|  | Schedule C Line Item | Amount Claimed | Respondent Determined | Adjustment |
|---|---|---|---|---|
| 1. | Gross Receipts Or Sales | $831 | $2,888 | [1]$2,057 |
| 8. | Advertising | 1,350 | 1,350 | -0- |
|  | Tools | -0- | 1,770 | (1,770) |
| 9. | Car And Truck Expenses | 2,678 | 2,678 | -0- |
| 13. | Depreciation | 10,937 | -0- | 10,937 |
| 15. | Insurance | 1,180 | -0- | 1,180 |
| 18. | Office Expense | 150 | 150 | -0- |
| 22. | Supplies | 250 | 250 | -0- |
| 24a. | Travel | 885 | 885 | -0- |
| 24d. | Meals And Entertainment | 352 | 352 | -0- |
| 27. | Other Expenses | 540 | 540 | -0- |
| 28. | Total Expenses | 18,322 | 7,975 | 10,347 |
| 31. | Net Profit Or (Loss) | (17,491) | [2](5,087) | [2]12,404 |

[1] Petitioners concede this adjustment.
[2] These amounts are not specifically set forth in the notice of deficiency but are the computational results of the amounts that are set forth.

The Schedule C shows that Maria's vehicle was used as follows in 2003:  7,440 miles for business; 1,250 miles for commuting; and 2,900 miles for "other".  Petitioners' claimed $2,678 car and truck expenses were computed by multiplying 7,440

miles of business use by the standard 2003 mileage rate of 36

cents.  The claimed $1,180 insurance expense (supra table 1) is

for the same vehicle as the claimed $2,678 car and truck

expenses.

Table 2 shows the information on a depreciation schedule

attached to petitioners' 2003 tax return.

### Table 2

| Item | Information |
|------|-------------|
| Description of property | Leasehold imp. |
| Date acquired | 02/03/03 |
| Cost or other basis | $24,855 |
| Depreciable basis | $17,398 |
| Accumulated depreciation | [No entry] |
| Method used | MACRS |
| Life or rate | 5.0 |
| Depreciation for 2003 | $10,937 |
| ADS depreciation for 2003 | $3,480 |

On the Form 4562 (Depreciation and Amortization) attached to

their 2003 tax return, petitioners claimed a $7,457 special

depreciation allowance and an MACRS depreciation deduction of

$3,480, for a total of $10,937.[4]

---

[4] Sec. 168(k)(1) provides for an additional depreciation deduction of 30 percent of the adjusted basis of qualified property, but requires the adjusted basis to then be reduced by this additional deduction before computing the amount otherwise allowable as a depreciation deduction.  The $7,457 claimed special depreciation allowance is 30 percent of the claimed $24,855 cost or other basis.  See supra table 2.  The $24,855 basis minus the $7,457 special depreciation leaves the $17,398 depreciable basis, see supra table 2, used to calculate the remaining depreciation.

Maria used a computer in connection with her Avon business. She bought the computer in 2000 or 2001 for $800. Before Maria began to use the computer in connection with her Avon business, petitioners used it for personal purposes. During 2003, in addition to business use, Maria used the computer for personal e-mail and to browse the Internet for purposes not related to her Avon business.

Maria used a printer (original cost--$180), a scanner (original cost--$100), and facsimile equipment (original cost--$50) in connection with the computer she used in connection with her Avon business.

Maria used two desks in connection with her Avon business. The desks were bought in 1995 for about $1,300 to $1,500 apiece. Before Maria began to use the desks in connection with her Avon business, petitioners used them for personal purposes.

## Discussion

In general, a taxpayer is entitled to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Sec. 162(a). During 2003, Maria operated a Schedule C business as an Avon representative. However, section 274 disallows deductions otherwise available in many cases unless certain substantiation requirements have been met.

In general, the Commissioner's determinations as to matters of fact in the notice of deficiency are presumed to be correct, and the taxpayers have the burden of proving otherwise.  See Rule 142(a);[5] <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Petitioners have not contended that section 7491 applies so as to shift the burden of proof; on the record in the instant case, if such a contention had been made, then we would have concluded that the requirements of section 7491(a)(2) had not been met, and so the burden of proof would not have been shifted.

For convenience, we consider first the vehicle insurance issue and then the depreciation issue.

A.  <u>Vehicle Insurance</u>

Section 274(d)(4) provides that no deduction shall be allowed with respect to listed property (as defined in section 280F(d)(4)) unless certain substantiation requirements are met. As best we can tell from the meager record, the vehicle Maria used in her Avon business was a passenger automobile, within the meaning of paragraphs (4)(A)(i) and (5) of section 280F(d).

Section 1.274-5(j)(2), Income Tax Regs., authorizes the Commissioner to "establish a method under which a taxpayer may use mileage rates to determine the amount of the ordinary and necessary expenses of using a vehicle for local transportation *

---

[5] Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.

* * in lieu of substantiating the actual costs." Rev. Proc. 2002-61, sec. 11, 2002-2 C.B. 616, 623, provides that for 2003 a taxpayer may deduct 36 cents per mile of business use "in lieu of all operating and fixed costs", which are defined as including insurance. Id. sec. 5.03, 2002-2 C.B. at 618.

Petitioners claimed the 36-cent rate for the claimed 7,440 miles of business use of Maria's vehicle, for a deduction of $2,678. Respondent allowed this mileage claim in full. See supra table 1. This 36-cent mileage rate includes insurance and is in lieu of a deduction for substantiated actual costs. Having used--and been allowed--the standard rate for 2003, petitioners are not entitled to deduct in addition any of the listed operating and fixed costs, including insurance.

We hold for respondent on this issue.

B. Depreciation

On their 2003 tax return, petitioners claimed that they acquired $24,855 of leasehold improvements on February 3, 2003. They claimed that all of this property was eligible for 30-percent special depreciation of $7,457, plus regular depreciation of $3,480, for a total 2003 depreciation deduction of $10,937. Petitioners' 2003 tax return was professionally prepared. Petitioners proceeded pro se at the trial, but their tax return preparer was allowed to sit with them at the counsel table and to assist them.

We noted that the tax return showed the $24,855 but did not show what items were covered by that amount, nor did it indicate the costs, acquisition dates, and specific business uses of any of these items.  When Maria took the witness stand, we urged her to testify about the most expensive items first.  After Maria testified about a computer, two desks, a printer, a scanner, a fax machine, and a telephone, including testimony about these items' original costs, aggregating about $4,000, the following colloquy occurred:

> THE COURT:  How are you going to get to $24,800 some odd dollars if you're already getting to shall we say small potatoes items like $35 items?

> THE WITNESS:  I don't have anything to go to $24,000.

> THE COURT:  Are there any other big items that you want to tell us about.

> THE WITNESS:  No, sir.

Petitioners did not call their tax return preparer to the witness stand to explain any components of the $24,855 item on the tax return that she had prepared for petitioners to file.

From the foregoing, we conclude that there was no foundation for the depreciation claims on petitioners' 2003 tax return.

Nevertheless:  (1) Respondent has conceded that Maria had a real Schedule C business and agrees that petitioners are entitled to deduct the net losses from that business against their other income, see supra table 1; (2) petitioners impressed us as being

truthful (even if somewhat vague) in their sworn trial testimony, notwithstanding our conclusion about the depreciation element on their sworn tax return; and (3) we are satisfied that Maria used depreciable property in her Avon business.

We conclude that petitioners have failed to show that they are entitled to any of their claimed 30-percent special depreciation.  See sec. 168(k).

We conclude that petitioners have failed to show that they have satisfied the strict substantiation requirements of section 274 as to the property subject to that section.

Doing the best we can on the basis of the record herein, we make as close an approximation as we can, and bearing heavily upon petitioners, whose inexactitude is of their own making, we conclude that petitioners are entitled to deduct $100 depreciation in connection with Maria's Avon business for 2003. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).

To take account of the foregoing,[6]

Decision will be entered

under Rule 155.

---

[6] Respondent did not determine an accuracy-related penalty under sec. 6662 in the notice of deficiency and did not assert a claim for such a penalty at or before any hearing in this case, and so we do not deal with that potential issue.  See sec. 6214(a).  Petitioners and their tax return preparer should understand that they "dodged a bullet" with regard to the depreciation claims on this tax return.